JAMES M. PETERSON, ESQ. (Bar No. 137837)
peterson@higgslaw.com
EDWIN M. BONISKE, ESQ. (Bar No. 265701)
boniske@higgslaw.com
DEREK W. PARADIS, ESQ. (Bar No. 269556)
paradisd@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, California 92101-7913
Telephone: 619.236.1551
Facsimile:  619.696.1410

Attorneys for Defendant
O'REILLY AUTO ENTERPRISES, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY PIPICH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>O'REILLY AUTO ENTERPRISES, LLC, a Delaware corporation,<br><br>Defendant. | CASE NO.  3:21-CV-01120-L-LL<br><br>**NOTICE OF DEFENDANT O'REILLY AUTO ENTERPRISES, LLC'S MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**[NO ORAL ARGUMENT PURSUANT TO THE LOCAL RULES]**<br><br>Date:           September 13, 2021<br>Time:          10:30 a.m.<br>Courtroom:  5B<br>Judge:         Hon. M. James Lorenz<br>Magistrate Judge: Hon. Linda Lopez |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on September 13, 2021, at 10:30 a.m., or as soon thereafter as counsel may be heard in the Courtroom of the Hon. M. James Lorenz, in the above-captioned Court, Courtroom 5B, 221 West Broadway, San Diego, CA 92101, Defendant O'REILLY AUTO ENTERPRISES, LLC ("O'Reilly"), through its attorneys of record, James M. Peterson, Edwin M. Boniske, and Derek W. Paradis, of Higgs Fletcher & Mack LLP will, and hereby

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

10376275.1

CASE NO.  3:21-CV-01120-L-LL
NOTICE OF MOTION AND MOTION TO
DISMISS FIRST AMENDED COMPLAINT

1   does, move for a Motion to Dismiss Plaintiff JEFFREY PIPICH's ("Plaintiff") Fair

2   Labor Standards Act ("FLSA") claim in his First Amended Complaint pursuant to

3   Federal Rules of Civil Procedure 12(b)(6).

4        Specifically, Plaintiff's FLSA claim has already been found to be meritless

5   by the United States Supreme Court.  Indeed, in *Integrity Staffing Solutions, Inc. v.*

6   *Busk,* 574 U.S. 27 (2014) (*Busk*), the Supreme Court held that preliminary security

7   screenings are not compensable under the FLSA because they are neither integral

8   nor indispensable to the "principal activities" of warehouse workers.  As such,

9   Plaintiff's *sole* federal claim—alleging he and other warehouse workers should

10  have been compensated for time spent in COVID screenings—necessarily fails to

11  state a claim for relief, as he is *not entitled* to any relief as a matter of law and

12  cannot establish any violation of the FLSA.

13       The fact that Plaintiff's allegations involve COVID screenings—as opposed

14  to "security" screenings—does not absolve him from the squarely on-point

15  holding of *Busk*.  The *Busk* court's reasoning equally applies to COVID screenings

16  because those screenings are practically indistinguishable from security checks

17  and are similarly neither integral nor indispensable to the work of warehouse

18  workers.  Rather, the screenings (and the governmental orders on which they were

19  based) were implemented to promote both employee and customer safety and

20  applied to everyone—including non-employees.  As the *Busk* court explicitly

21  explained, "preshift screening[s] conducted for employee safety" are not

22  compensable under the FLSA. Further, these screenings are non-compensable, *de*

23  *minimus* time under the FLSA as a matter of law.

24       Further, the COVID screenings are not considered "work" under the FLSA,

25  because they are not necessarily and primarily conducted for the benefit of the

26  employer.

27       Simply put, there is no way Plaintiff can state a claim under the FLSA for

28  relief based on COVID screenings.  Accordingly, this Court should grant

Higgs Fletcher &
Mack LLP
Attorneys At Law
San Diego

10376275.1                    2

CASE NO.  3:21-CV-01120-L-LL
NOTICE OF MOTION AND MOTION TO
DISMISS FIRST AMENDED COMPLAINT

1   O'Reilly's Motion to Dismiss the FLSA claim, without leave to amend and with

2   prejudice.

3        This Motion is based on the accompanying Memorandum of Points and

4   Authorities, which is filed concurrently herewith, and the files and records in this

5   case.

6

7   DATED:  August 5, 2021                    HIGGS FLETCHER & MACK LLP

8

9                                            By: *s/ Derek W. Paradis*
                                             JAMES M. PETERSON, ESQ.
10                                           EDWIN M. BONISKE, ESQ.
                                             DEREK W. PARADIS, ESQ.
11                                           Attorneys for Defendant
                                             O'REILLY AUTO ENTERPRISES,
12                                           LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Higgs Fletcher &
Mack LLP
Attorneys At Law
San Diego

10376275.1                          3          CASE NO.  3:21-CV-01120-L-LL
                                               NOTICE OF MOTION AND MOTION TO
                                               DISMISS FIRST AMENDED COMPLAINT