UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY PIPICH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>O'REILLY AUTO ENTERPRISES, LLC,<br><br>Defendant. | Case No.: 21-cv-01120-L-JLB<br><br>**ORDER GRANTING JOINT MOTION TO AMEND SCHEDULING ORDER**<br><br>**[ECF No. 41]** |

Before the Court is the parties' Joint Motion to Amend the Scheduling Order. (ECF No. 41.) Good cause appearing, **IT IS HEREBY ORDERED**:

1. The Parties must review and familiarize themselves with the Civil Local Rules of this District ("Local Rules"), the Electronic Case Filing Administrative Policies and Procedures ("CM/ECF Manual"), the Standing Order for Civil Cases issued by the Hon. M. James Lorenz ("Standing Order"), and the undersigned Magistrate Judge's Chambers Rules ("Chambers Rules"), all of which are posted on this District's website.

///

### Pleadings

2. Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed no later than **May 15, 2023**.

### Discovery

3. All discovery shall be completed by all Parties no later than **October 17, 2023**. "Completed" means that all discovery under Rules 30-36, and discovery subpoenas under Rule 45,[1] must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** Counsel shall make every effort to resolve all disputes without court intervention through the meet and confer process. Discovery disputes must be brought to the Court's attention in the time and manner required by § V of Judge Burkhardt's Civil Chambers Rules. **All discovery disputes must be raised within 30 calendar days of the service of an objection, answer, or response** that becomes the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel (and any unrepresented parties) have met and conferred to resolve the dispute. *See* J. Burkhardt Civ. Chambers R. § V. **A failure to comply in this regard will result in waiver. Absent an order of the court, no stipulation to alter or extend the time to comply with this provision will be recognized by the court.**

4. No later than **August 22, 2023**, the Parties shall designate in writing their respective experts related to the <u>merits</u> of the case. The Parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The written designations shall include the name, address and telephone number of each expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also

---

[1] All references to "Rule" are to the Federal Rules of Civil Procedure.

1  include the normal rates the expert charges for deposition and trial testimony.

2      5.    The Parties shall exchange their respective rebuttal experts related to the
3  <u>merits</u> of the case by **September 19, 2023**.

4      6.    Each party shall comply with Rule 26(a)(2)(A) and (B) disclosure provisions
5  related to their <u>merits</u> experts by **August 22, 2023**.  This disclosure requirement applies to
6  all persons retained or specially employed to provide expert testimony, or whose duties as
7  a party's employee regularly involve giving expert testimony.  **Except as provided in the**
8  **paragraph below, any party that fails to make these disclosures shall not, absent**
9  **substantial justification, be permitted to use the undisclosed evidence or testimony at**
10 **any hearing or at trial.  In addition, the court may impose sanctions as permitted by**
11 **Rule 37(c).**

12     7.    No later than **September 19, 2023**, the Parties shall supplement their
13 disclosures regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D) related to
14 their <u>merits</u> experts.

15     8.    Failure to comply with this section or any other discovery order of the court
16 may result in Rule 37 sanctions, including preclusion of expert or other designated
17 evidence.

18 **Motion Briefing**

19     9.    Except for motions *in limine*, all pretrial motions must be filed no later than
20 **November 14, 2023**.  As provided herein and in the Standing Order, **certain motions must**
21 **be filed well before this date.**

22     10.    Counsel for the moving party must obtain a motion hearing date from the law
23 clerk of the judge who will hear the motion.  The period of time between the date of
24 requesting a motion date and the hearing date typically exceeds 30 days.  Failure to make
25 a timely request for a motion date may result in the motion not being heard.

26     11.    Motion briefing must comply with all applicable Rules, Local Rules, Standing
27 Order, Chambers Rules and court orders.

28 ///

### Mandatory Settlement Conference

12. A Mandatory Settlement Conference ("MSC") will be held by video conference[2] on **November 1, 2023** at **1:45 PM** before **Magistrate Judge Jill L. Burkhardt**. **Mandatory directions for participating in the MSC by video conference are attached hereto.** The purpose of the MSC is to permit an informal, candid discussion between the attorneys, parties, and the settlement judge of every aspect of the lawsuit in an effort to achieve a mediated resolution of the case. All MSC discussions will be off the record, privileged, and confidential. *See* CivLR 16.3(h).

Pursuant to Civil Local Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[3] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the MSC. In the case of an entity, an authorized representative of the entity who is <u>not</u> retained outside counsel must be present and must have discretionary authority to commit the entity to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers).

---

[2] If any party believes the MSC is more likely to be successful if conducted in-person, that party shall meet and confer on the issue with the other parties. After meeting and conferring, and no later than **60 days before the MSC**, the Parties shall leave a joint voicemail with chambers at (619) 557-6624 indicating which of the Parties requests an in-person MSC. In the voicemail, the Parties shall leave three mutually available dates for a telephonic status conference to discuss whether the MSC should be held in-person. The final decision will be made by the Court.

[3] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001).

The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

**Counsel for a United States government entity** may be excused from this requirement so long as the government attorney who attends the MSC conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.

**Failure to attend the MSC or obtain proper excuse will be considered grounds for sanctions.**

13. No later than **21 days before the MSC**, the Parties shall exchange formal settlement proposals, as required by § III.A. of Judge Burkhardt's Civil Chambers Rules. No later than **14 days before the MSC**, the Parties shall meet and confer in person or telephonically, as required by § III.B. of Judge Burkhardt's Civil Chambers Rules.

14. No later than **October 23, 2023**, counsel (and any unrepresented parties) shall **lodge** confidential MSC statements with Judge Burkhardt's chambers via e-mail at efile_Burkhardt@casd.uscourts.gov. The Parties' MSC statements shall comply with § III.C. of Judge Burkhardt's Civil Chambers Rules.

### Final Pretrial Conference

15. Memoranda of Contentions of Fact and Law are not required and will not be accepted.

16. No later than **February 16, 2024**, counsel shall comply with Rule 26(a)(3) pre-trial disclosure requirements. Failure to comply could result in evidence preclusion or other Rule 37 sanctions.

17. No later than **February 26, 2024**, counsel shall meet and take the action required by Local Rule 16.1(f)(4) with a view to enter into stipulations and agreements to simplify issues for trial. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to other parties' Rule

26(a)(3) pretrial disclosures. Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

18. Counsel for Plaintiff is responsible for preparing the proposed final pretrial conference order and arranging the meetings of counsel pursuant to Local Rule 16.1(f). No later than **March 4, 2024**, Plaintiff's counsel must provide opposing counsel with the draft proposed final pretrial order for review and approval. Opposing counsel must communicate promptly with Plaintiff's counsel concerning any objections to form or content. Both sides shall attempt promptly to resolve their differences, if any, concerning the proposed order.

19. The proposed final pretrial conference order, including objections to Rule 26(a)(3) pretrial disclosures, shall be served and lodged with Judge Lorenz no later than **March 11, 2024**, and shall comply with Local Rule 16.1(f)(6).

20. The Final Pretrial Conference is scheduled on the calendar of the **Honorable M. James Lorenz** on **March 18, 2024** at **11:00 AM**. Trial briefs are not required for cases tried to the jury. Leave to file a trial brief for a jury trial must be obtained from Judge Lorenz at the Final Pretrial Conference.

### Additional Provisions

21. Upon Parties' request, a post-trial settlement conference before a Magistrate Judge may be held within 30 days of verdict.

22. The dates and times set forth herein will not be modified except for good cause shown.

23. Plaintiff's counsel shall serve a copy of this order on all Parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: March 27, 2023

Hon. Jill L. Burkhardt
United States Magistrate Judge

**Mandatory Directions for Zoom Video Conference Participation**

1. The Court will use its official ZoomGov video conferencing account to hold the MSC. **IF YOU ARE UNFAMILIAR WITH ZOOM:** Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[4] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the MSC.[5] There is a cost-free option for creating a Zoom account.

2. Prior to the start of the MSC, the Court will e-mail each MSC participant an invitation to join a Zoom video conference. Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that her or his device is plugged in or that a charging cable is readily available during the video conference. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding.** Zoom may then prompt participants to enter the password included in the invitation. All participants will be placed in a waiting room until the MSC begins.

3. Each participant should plan to join the Zoom video conference **at least 5 minutes** **before** the start of the MSC to ensure that the MSC begins on time.

4. Zoom's functionalities will allow the Court to conduct the MSC as it ordinarily would conduct an in-person MSC. That is, the Court will begin the MSC with

---

[4] If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance.
[5] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

all participants joined together in a main session. After an initial discussion in the main session, the Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[6] In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow Parties and counsel to communicate confidentially without the Court.

5. As previously stated, MSCs are confidential court proceedings. All attendees must participate from a private and stable location where no individual who is not a party, a party representative, or an attorney for a party can overhear the proceedings. All attendees must be prepared to devote their full attention to the MSC as if they were attending in person. This means that attendees must clear their schedules of all conflicts for the entire period of the MSC.[7] Attendees may not participate from a moving car or a public space.

6. All participants are expected to display the same level of professionalism and civility as they would at an in-person court proceeding. *See* CivLR 2.1; J. Burkhardt's Civ. Chambers R. § I.

---

[6] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

[7] MSCs are ordinarily scheduled for three hours but may last considerably longer.