UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY PIPICH, et al,<br><br>                              Plaintiff,<br><br>v.<br><br>O'REILLY AUTO ENTERPRISES, LLC,<br><br>                              Defendants. | Case No.:  21cv1120-L(JLB)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND TO ALLEGE SUBJECT MATTER JURISDICTION** |

    The present action was filed on June 16, 2021, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. [ECF No. 1.] On July 22, 2022, Plaintiff filed a First Amended Complaint, reasserting violations of the FLSA, adding violations of the California Labor Code and seeking remedies under the Private Attorney General Act ("PAGA"). [ECF No. 13.] Plaintiff filed a Second Amended Complaint on April 7, 2022, adding allegations of violations of the California Labor Code and Industrial Welfare Commission Order No. 9-2001, seeking remedies under the Private Attorney General Act ("PAGA"), and removing the FLSA claim.

    In the original and First Amended complaints, Plaintiff specifically asserted federal subject matter jurisdiction, claiming that the "Court has federal question jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331." [ECF No. 1 at 2.] However, in the Second Amended Complaint ("SAC"), Plaintiff removed the FLSA claim and he does not

1

assert subject matter jurisdiction. "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77, 82-83 (2010).

Instead, Plaintiff simply asserts that he is a resident of California, and Defendant is a Delaware limited liability company registered to do business in California. (SAC at ¶¶ 10, 14 [ECF No. 23.]) From this, it appears that Plaintiff may be asserting diversity jurisdiction, however, it is not possible to determine on the face of the complaint that minimal diversity and the amount in controversy are satisfied under 28 U.S.C. § 1332(a)(diversity jurisdiction exists where amount in controversy exceeds the sum of $75,000 and where matter is between citizens of different states).

Unlike state courts,

> Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).[1]  Federal courts are constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999).

---

[1] Unless otherwise noted, internal quotation marks, citations, and footnotes are omitted.

1  Here, Plaintiff does not affirmatively allege that the amount in controversy exceeds
2  $75,000 for either the named Plaintiff or in the aggregate for aggrieved employees. The
3  Court notes that for purposes of a PAGA action, "penalties against an employer may not
4  be aggregated to meet the minimum amount in controversy requirement." *Bauman v.*
5  *Chase Inv. Services Corp.*, 757 F.3d 117, 1119 (9th Cir. 2014).

6  In addition, Plaintiff does not affirmatively allege the state of citizenship of each
7  party. *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir.1987); *see*
8  *also Kanter v. Warner-Lambert, Co.*, 265 F.3d 853 (9th Cir. 2001). Individuals like
9  Plaintiff are citizens of the state where they are domiciled. *Kanter*, 265 F.3d at 857.
10 Plaintiff alleges he is a California citizen. (SAC at 4.) Defendant, O'Reilly Auto
11 Enterprises, LLC is a limited liability company. The citizenship of a limited liability
12 company for purposes of diversity jurisdiction is determined by examining the citizenship
13 of each of its members. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990); *Johnson*
14 *v. Columbia Properties Anchorage. L.P.*, 437 F.3d 894, 899 (9th Cir.2006). Plaintiff
15 does not allege the citizenship of Defendants' members. (SAC at 4.) Accordingly, the
16 citizenship of these Defendants cannot be determined from the face of the complaint.

17 In light of the above, Second Amended Complaint is dismissed for lack of subject
18 matter jurisdiction. Pursuant to 28 U.S.C. §1653, Plaintiff is granted leave to file an
19 amended complaint to allege subject matter jurisdiction. If Plaintiff chooses to file an
20 amended complaint, he must do so no later than **May 7, 2023**.

21 **IT IS SO ORDERED.**

23 Dated: April 7, 2023

25 Hon. M. James Lorenz
   United States District Judge