UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY PIPICH, as an "aggrieved employee" on behalf of all others similarly situated "aggrieved employees" under the Labor Code Private Attorney General Act of 2004,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>O'REILLY AUTO ENTERPRISES, LLC,<br><br>　　　　　　　　　　Defendant. | Case No.: 21-cv-01120-L-JLB<br><br>**ORDER GRANTING JOINT MOTION FOR DISCOVERY OF AGGRIEVED EMPLOYEES' IDENTITIES AND CONTACT INFORMATION**<br><br>**[ECF No. 42]** |

Before the Court is the parties' Joint Motion for Discovery of Aggrieved Employees' Identities and Contact Information. (ECF No. 42.)

On April 14, 2023, Plaintiff Jeffrey Pipich ("Plaintiff"), on behalf of himself and other Aggrieved Employees[1], filed a Third Amended Complaint against Defendant

---

[1] The parties define "Aggrieved Employees" as "all of Defendant's California non-exempt, hourly workers working in O'Reilly Distribution Centers, including materials handlers and city counter drivers, individuals performing work comparable to the aforementioned, compensated comparably to the aforementioned, and individuals in

O'Reilly Auto Enterprises, LLC ("Defendant") for alleged violations of the California Labor Code and Industrial Welfare Commission Order No. 9-2001. (ECF No. 45.) Underlying the instant Joint Motion, Plaintiff has requested Defendant identify all Aggrieved Employees. (*Id.* at 4.) Due to the constitutional right to privacy expressly enshrined in California's constitution[2], the parties met and conferred to determine a discovery that "balance[ed] Plaintiff's need for the information and the privacy rights of the alleged Aggrieved Employees." (ECF No. 45 at 4.)

Considering the limited information sought, the procedural safeguards protecting disclosure of the information, and the private and public interests in disclosure, the Court finds good cause to **GRANT** the Joint Motion (ECF No. 45).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant will provide to ILYM ("the Administrator"), a third-party administrator, a list in *Microsoft Excel* or comparable format stating the full names, last known addresses, and all last known telephone number(s)[3] of the alleged Aggrieved

---

similar positions, at any time during the relevant time period of May 11, 2020 to the present." (ECF No. 42 at 4.)

[2] "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." Cal. Const. art. I, § 1. "Protection of informational privacy is the provision's central concern." *Williams v. Superior Ct.*, 3 Cal. 5th 531, 552 (2017). However, "[i]n wage and hour collective actions, fellow employees would not be expected to want to conceal their contact information from plaintiffs asserting employment law violations, the state policies in favor of effective enforcement of these laws weigh on the side of disclosure, and any residual privacy concerns can be protected by issuing so-called *Belaire-West* notices affording notice and an opportunity to opt out from disclosure." *Id.* at 553. Further, courts frequently find protective orders sufficiently protect the privacy interests of aggrieved employees under such circumstances. *See, e.g., Williams v. Condensed Curriculum Int'l*, No. 20CV05292YGRRMI, 2021 WL 5069946, at *3 (N.D. Cal. Nov. 2, 2021) (collecting cases).

[3] Telephone numbers includes home or cell phone numbers to the extent Defendant maintained them.

Employees (to the extent available from Defendant's personnel records and other sources) (the "Aggrieved Employees List") within **twenty (20) calendar days** after written notice of the order on this stipulation.

2. Within **five (5) calendar days** of receipt of the Aggrieved Employees List, the Administrator shall notify Plaintiff's counsel in writing whether and to what extent full names, last known addresses, last known email address, and last known telephone number(s) are missing from the Aggrieved Employees List. This will enable the Parties to meet and confer over whether Defendant has complied with this stipulation's requirement for a complete Aggrieved Employees List and give Defendant an opportunity to correct any deficiencies in the Aggrieved Employees List.

3. Within **ten (10) calendar days** of receipt of the Aggrieved Employees List, the Administrator shall mail the notice letter attached as Exhibit A to all of the Aggrieved Employees on the Aggrieved Employees List.

4. If any alleged Aggrieved Employee does not want his/her name, address, email address, or telephone number(s), to be provided to Plaintiff(s), he/she must (1) sign and return a postcard substantially the same as that attached as Exhibit B or (2) respond by e-mail from a personal email address with the information contained in Exhibit B to the Administrator within **thirty (30) calendar days** after the mailing of Exhibit A. If the Administrator receives a postcard or e-mail from an alleged Aggrieved Employee that the Administrator believes does not adequately contain the information contained in Exhibit B, the Administrator shall notify Defendant's counsel in writing of the alleged deficiencies within **five (5) calendar days** of receipt of the alleged deficient postcard or e-mail. Defendant will then meet and confer with Plaintiff's counsel as to the specific alleged Aggrieved Employee's request is sufficient to exclude them from the Aggrieved Employee List.

5. **Forty-five (45) calendar days** after mailing Exhibit A, the Administrator shall provide Plaintiff with a list in *Microsoft Excel* or comparable format stating the names, addresses, email address, and telephone number(s) of all the alleged Aggrieved

Employees who did not sign and return the postcard attached as Exhibit B or respond by e-mail.  The Administrator shall provide Defendant with a list of the alleged Aggrieved Employees who signed and returned the postcard or opted-out by e-mail.

6. Plaintiff shall keep any information discovered by this process confidential, shall use such information only for purposes of this case, and shall return the information to Defendant or certify its destruction (including all copies) at the end of this litigation. The Aggrieved Employee List shall be marked "CONFIDENTIAL – FOR COUNSEL ONLY" pursuant to the protective order entered in this case.

7. Plaintiff will bear the costs of the Administrator for the performance of its duties described above.

Dated:  May 2, 2023

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge

# EXHIBIT A

## IMPORTANT NOTICE REGARDING YOUR PERSONAL CONTACT INFORMATION

JEFFREY PIPICH ("Plaintiff") has filed a lawsuit against his employer O'REILLY AUTO ENTERPRISES, LLC ("Defendant") on behalf of all individuals that Defendant has currently and formerly employed, directly or otherwise contracted with indirectly through staffing companies, in California as hourly, non-exempt employees working in a Distribution Center, including without limitation city counter drivers and materials handlers, individuals performing work comparable to the aforementioned, and persons in comparable positions at any time during the relevant time period of May 11, 2020 to the present.

<u>Unless you take the actions described below, your personal contact information including your full name, last known address, last known email address, and last known telephone numbers **will be** disclosed to Plaintiff's attorneys so they may contact you to discuss your experiences working for Defendant.</u>

**Who is receiving this notice?**

This notice is being sent to all individuals Defendant has currently and formerly employed, directly or otherwise contracted with indirectly through staffing companies, in California as hourly, non-exempt employees working in a Distribution Center, including without limitation route drivers and materials handlers, individuals performing work comparable to the aforementioned, and persons in comparable positions at any time between May 11, 2020 and the present.

**What is the case about?**

A lawsuit has been filed by Plaintiff JEFFREY PIPICH on behalf of himself and all other alleged aggrieved employees of Defendant.  The lawsuit is entitled *JEFFREY PIPICH, et al. vs. O'REILLY AUTO ENTERPRISES, LLC, et al.*, Case Number: 3:21-cv-01120-L-JLB.  This is not a lawsuit against you, and you are not being sued.  JEFFREY PIPICH claims Defendant did not properly compensate you for time spent going through COVID Screenings and/or security screenings and other potential related claims.  Defendant denies all the claims being made.  It is Defendant's position that it has properly compensated all of its employees for all hours worked and otherwise complied with the law.

**Why am I receiving this notice?**

Plaintiff's attorneys would like to have your name, address, email address, and telephone numbers so they may contact you regarding Plaintiff's allegations in the lawsuit.

<u>You have the right to exclude yourself from discovery and not provide your name and contact information to Plaintiff's attorneys on the grounds of privacy.</u>  The parties' attorneys have agreed to send this notice to you so that you can decide whether to disclose your name and contact information to Plaintiff's attorneys.

**How do I exclude myself from discovery and prevent my name and personal contact information from being disclosed to Plaintiff's attorneys?**

If you do not want your personal contact information disclosed to Plaintiff's attorneys, you must do one of the following by thirty (30) days from mailing:

    1.    **Sign and return** the enclosed pre-paid postcard to Pipich v. O'Reilly Auto Enterprises, LLC, et al., c/o [_____, and mailing address]; or

    2.    **Send an email** from a personal email address to _____ (the Administrator) at _____.com that states that you do not want your personal contact information shared with Plaintiff's attorneys.

**What are my rights?**

It is your right to withhold your name and contact information from Plaintiff's attorneys for any reason by taking one of the actions noted above.  If you do nothing your contact information will be provided.

Please do not contact the Court with inquiries.  The Court does not endorse any of the statements contained in this notice.  The Court has not made any decisions as to the merits of this case.

**If you have questions about this notice or your options with regard to this notice, please contact the Administrator, ILYM, at** _____.

# EXHIBIT B

### JEFFREY PIPICH, et al. vs. O'REILLY AUTO ENTERPRISES, LLC, et al.
*Case No.: 3:21-cv-01120-L-JLB*

### Discovery Exclusion Form

Name:
Address:
Phone number:
Email address:

I do not want my personal contact information disclosed to Plaintiff's attorneys in the above-referenced case.

_____
Signature

RETURN THIS FORM TO:
**JEFFREY PIPICH, ET AL. VS. O'REILLY AUTO ENTERPRISES, LLC, ET AL.**
ADMINISTRATOR
c/o [Administrator Name]
[Mailing Address]

THIS FORM MUST BE RECEIVED BY _____, 2023