UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY PIPICH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>O'REILLY AUTO ENTERPRISES, LLC,<br><br>Defendant. | Case No.: 21-cv-01120-L-JLB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION FOR USE OF DISCOVERY MATERIAL IN RELATED CASES**<br><br>**[ECF No. 55]** |

Before the Court is a stipulation by the parties for use of discovery material in related cases. (ECF No. 55.) The parties designated the stipulation as a "joint motion" in the CM/ECF filing process. The parties seek to use discovery material produced in this action in three additional cases Plaintiff's counsel has brought against Defendant O'Reilly Auto Enterprises, LLC ("Defendant"). (*Id.* at 4 (citing *Eve Storm v. O'Reilly Auto Enterprises, et al.*, Case No. 5:23-cv-00597-FLA-MAR (C.D. Cal.) ("*Storm* Class Action"); *Eve Storm v. O'Reilly Auto Enterprises, et al.*, Case No. CVRI2104730 (Riverside Sup. Ct.) ("*Storm* PAGA Action"); and *Gary Cull v. O'Reilly Auto Enterprises, LLC*, Case No.

CVRI2303008 (Riverside Sup. Ct.)[1]).) Based on the Court's review of the dockets in three of the relevant cases—the *Storm* Class Action, the *Cull* Action, and the instant case—each case pertains to alleged violations of the California Labor Code and/or the Fair Labor Standards Act by Defendant as an employer. (*See* ECF No. 45 (*Pipich* Third Amended Complaint); *Storm* Class Action, ECF No. 1; *Cull* Action, ECF No. 1-2.)[2]

In their joint motion, the parties stipulate to the following:

1. Any and all documents, witnesses, experts, and other materials produced in this action, the *Storm Class and PAGA Actions*, and the *Cull Action* shall be deemed produced for litigation purposes in all of the related cases mentioned above.

2. To avoid multiple duplicative depositions, Plaintiff will take one deposition of each of the persons most knowledgeable Defendant designates pursuant to Fed. R. Civ. P. 30(b)(6) ("PMK Deposition") in this case for the entire Relevant Time Period (as defined below) that can be used for purposes of the *Storm Class Action*, *Storm PAGA Action*, and the *Cull Action*. Likewise, any depositions that Defendant takes can be used in the *Pipich Action*, *Storm Class Action*, *Storm PAGA Action*, and the *Cull Action*.

3. Plaintiff alleges that the statute of limitations in the *Storm Class Action* extends back to July 5, 2018. Thus, for purposes of discovery and the PMK Deposition, the "Relevant Time Period" will be from July 5, 2018, to the present to cover each limitations period for the four actions.

4. On or before August 18, 2023, Defendant will produce relevant policy and procedure documents as requested by Plaintiff in the *Pipich* case covering the Relevant Time Period for use in the PMK Deposition.

---

[1] This case was removed to the Central District of California on August 11, 2023. *See Gary Cull v. O'Reilly Auto Enterprises, LLC et al.*, Case No. 5:23-cv-01623-FWS-KK (C.D. Cal.) ("*Cull* Action").

[2] The Court cannot access the docket in the *Storm* PAGA Action, and the parties do not make any representation to the Court regarding the claims in that action.

     5.      This stipulation does not prevent the Parties in the *Storm Class Action*, *Storm PAGA Action*, and the *Cull Action* from conducting discovery or taking further depositions in those matters.

(ECF No. 55 at 4–5.)

The parties appear to be asking the Court to approve their stipulation by filing it on the docket as a joint motion.[3]  However, the parties' requests exceed the authority of this Court.  As such, for the reasons set forth below, the parties' joint motion is **GRANTED in part** and **DENIED in part**.

Although the parties do not mention the Protective Order (ECF No. 35) issued in this case, the Court construes the parties' joint motion as a request, *inter alia*, to amend the Protective Order.  The Protective Order currently precludes the parties from using confidential information produced in this case for any purpose other than in connection with this litigation. (*See, e.g., id.* ¶¶ 7, 14.)  The parties do not make a distinction between confidential and non-confidential information in their joint motion.  However, they argue that allowing the parties to use *all* discovery material in this action in the related cases promotes efficiency and has "economic benefits." (ECF No. 44 at 4.)  As such, to the extent the parties want to use all information produced in this action in the related cases, the Court grants the joint motion.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) ("Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery.").  Accordingly, the Court modifies the Protective Order as follows: The parties may utilize all discovery materials[4] produced in this action in the *Storm* Class Action, *Storm* PAGA Action, and the *Cull* Action. (*See* ECF No. 55 at 4.)

---

[3]    *See* CivLR 7.2(b) ("Any stipulation for which court approval is sought must first be filed as a 'joint motion.'").

[4]    This includes the deposition of Defendant's Federal Rule of Civil Procedure 30(b)(6) witness in this case.

To the extent the parties ask this Court to approve a stipulation that any and all discovery produced in the *Storm* Class Action, *Storm* PAGA Action, and the *Cull* Action may be used in this case, that request exceeds the Court's authority. Although the plaintiffs' counsel may be the same, the plaintiffs themselves in the related actions are not parties to this case and the Court does not have the authority to modify any protective orders that may exist in those cases or determine how discovery in actions pending in other courts can be used.

As to the remaining requests, the parties may coordinate discovery in the related cases to the extent permissible by the court orders and rules applicable to each case. They may also stipulate to the relevant time period for discovery without a court order. *See Hoist Fitness Sys., Inc. v. TuffStuff Fitness Int'l, Inc.*, No. EDCV 17-1388-AB (KKx), 2019 WL 121195, at *3 n.6 (C.D. Cal. Jan. 7, 2019) ("Counsel are presumed to intend to abide by agreements [including stipulations] they enter into."). However, unless the parties are seeking relief from a court order or rule specific to this case, or are required by court order or rule to seek court approval, the Court declines to approve or disapprove such stipulation.

Accordingly, as set forth above, the parties' joint motion is **GRANTED in part** and **DENIED in part**.

IT IS SO ORDERED.

Dated: August 17, 2023

Hon. Jill L. Burkhardt
United States Magistrate Judge