1  DAVID G. SPIVAK (SBN 179684)
        david@spivaklaw.com
2  CAROLINE TAHMASSIAN (SBN 285680)
        caroline@spivaklaw.com
3
   THE SPIVAK LAW FIRM
4  8605 Santa Monica Blvd., PMB 42554
5  West Hollywood, CA 90069
   Telephone:  (213) 725-9094
6  Facsimile:   (213) 634-2485
7
8  Attorneys for Plaintiffs,
   JEFFREY PIPICH, EVE STORM, GARY CULL, MELISSA KOLAKOWSKI,
9  and DANIEL LOPEZ, and all others similarly situated
10 (Additional counsel on the following page)

11          **IN THE UNITED STATES DISTRICT COURT**
12       **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
13               **SAN DIEGO DIVISION**

| 14 JEFFREY PIPICH, EVE STORM, GARY CULL, MELISSA KOLAKOWSKI, and DANIEL LOPEZ, on behalf of themselves and all others similarly situated, and the general public and as an "aggrieved employee" on behalf of other similarly situated "aggrieved employees" under the Labor Code Private Attorney General Act of 2004, | Case No.: 3:21-cv-01120-AHG |
|---|---|
| | **CLASS ACTION** |
| | ~~[PROPOSED]~~ **FOURTH AMENDED COMPLAINT FOR:** |
| *Plaintiffs*, | 1. Failure to Provide Meal Periods ; |
| | 2. Failure to Provide Rest Breaks; |
| vs. | 3. Failure to Pay All Wages Earned for All Hours Worked at the Correct Rates of Pay; |
| O'REILLY AUTO ENTERPRISES, LLC, a Delaware limited liability company; EXPRESS SERVICES, INC., a Colorado corporation doing business as Express Employment Professionals; and DOES 2–50, inclusive, | 4. Failure to Indemnify; |
| | 5. Wage Statement Penalties; |
| | 6. Waiting Time Penalties; |
| | 7. Unfair Competition (Bus. & Prof. Code §§ 17200, et seq.; and |
| | 8. Civil Penalties (Lab Code §§2698, *et seq.*) |

**SPIVAK LAW**
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

1

*Defendants.*    **JURY TRIAL DEMANDED**

## ADDITIONAL ATTORNEY FOR PLAINTIFFS

WALTER L. HAINES (SBN 71075)
        walter@uelglaw.com
UNITED EMPLOYEES LAW GROUP, PC
8605 Santa Monica Blvd.
PMB 63354
West Hollywood, CA 90069
Telephone: (562) 256-1047
Facsimile: (562) 256-1006


Alexandra K. Piazza (SBN 341678)
apiazza@bm.net
**BERGER MONTAGUE PC**
401 B Street, Suite 2000
San Diego, CA 92101
Telephone: (619) 489-0300
Facsimile: (215) 875-4604


Michael J. Anderson* (PA 332185)
manderson@bm.net
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604


*\*Pro hac vice* forthcoming.

**SPIVAK LAW**
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

2

*Pipich, et al. v. O'Reilly Auto Enterprises, LLC*    Fourth Amended Class Action Complaint

Plaintiffs Jeffrey Pipich ("Plaintiff Pipich"), EVE STORM ("Plaintiff Storm"), Gary Cull ("Plaintiff Cull"), MELISSA KOLAKOWSKI ("Plaintiff Kolakowski"), and DANIEL LOPEZ ("Plaintiff Lopez") (hereafter collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, the State of California, and other aggrieved employees, complain and allege as follows:

## I.    JURISDICTION AND VENUE

1.    Defendants allege this Court has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

2.    Plaintiffs bring this class action based on alleged violations of the California Labor Code and Industrial Welfare Commission Order No. 9-2001 (hereafter "the Wage Order"), against Defendants O'REILLY AUTO ENTERPRISES, LLC ("O'Reilly"), a Delaware limited liability company, EXPRESS SERVICES, INC., a Colorado corporation, and DOES 1-50, inclusive ("Defendants").

3.    Plaintiffs are citizens of California.

4.    For purposes of diversity, a limited liability company (LLC) is a citizen of "every state of which its owners / members are citizens." *Johnson v. Columbia Properties Anchorage*, LP, 437 F.3d 894 (9th Cir. 2006). O'Reilly Auto Enterprises, LLC has only one owner / member which is Ozark Services, Inc.

5.    A corporation is deemed to be a citizen of the states where it is incorporated and where its principal place of business is located. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1186 (2010). Ozark Services, Inc. is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business located in Springfield, Missouri.

6.    Where a statute authorizes an award of attorney fees, the fees are part of the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). Plaintiff's individual damages, including attorneys' fees exceed

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

*Pipich, et al. v. O'Reilly Auto Enterprises, LLC*        Fourth Amended Class Action Complaint

$75,000.

7.     As set forth in more detail below, Plaintiffs allege that Defendants are liable to them and other similarly situated workers for unpaid wages, statutory penalties, interest, and related relief. These claims are based on Defendants' failures to: (1) Provide all rest and meal periods; (2) Indemnify for necessary work-related expenditures; (3) Pay all wages earned for all hours worked at the correct rates of pay; and (4) Provide complete and accurate wage statements.

8.     Venue is proper in the Southern District of California because O'Reilly is subject to personal jurisdiction in this District.

9.     O'Reilly is subject to personal jurisdiction before this Court because it has purposefully availed itself of the privileges of conducting activities throughout the State of California and established minimum contacts sufficient to confer jurisdiction. O'Reilly transacts business in California, advertises in California, and markets to California consumers. The violations of the law forming the basis of this lawsuit occurred in California. Further, O'Reilly employs California residents. Therefore, the assumption of jurisdiction over O'Reilly will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. O'Reilly also had and continues to have continuous and systematic contacts with the State of California sufficient to establish general jurisdiction over it.

## II.     THE PARTIES AND INTRODUCTION

10.     Plaintiffs are residents of California.

11.     Defendant EXPRESS SERVICES, INC., dba Express Employment Professionals, is a corporation organized and existing under the laws of Colorado and a citizen of California based on Plaintiff's information and belief.

12.     Defendant O'REILLY AUTO ENTERPRISES, LLC is a limited

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

*Pipich, et al. v. O'Reilly Auto Enterprises, LLC*          Fourth Amended Class Action Complaint

liability company organized and existing under the laws of Delaware and a citizen of California based on Plaintiffs' information and belief.

13.    Plaintiffs are ignorant of the true names, capacities, relationships, and extents of participation in the conduct alleged herein of the Defendants sued as DOES 1-50, inclusive, but are informed and believe and thereon allege that said Defendants are legally responsible for the wrongful conduct alleged herein and therefore sue these Defendants by such fictitious names. Plaintiffs will amend the Complaint to allege the true names and capacities of the DOE Defendants when ascertained.

14.    Plaintiffs are informed and believe and thereon allege that, at all relevant times herein, all Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants, and in doing the things hereinafter alleged, were acting or failing to act within the course and scope of such agency, employment, direction and control, and with the approval and ratification of each of the other Defendants.

15.    At all relevant times, in perpetrating the acts and omissions alleged herein, Defendants, and each of them, acted pursuant to and in furtherance of a policy, practice, or a lack of a practice which resulted in Defendants not compensating Plaintiffs and the other Class Members or otherwise complying with their rights in accordance with applicable California labor laws as alleged herein.

16.    At all relevant times, in perpetrating the acts and omissions alleged herein, Defendants and each of them acted pursuant to and in furtherance of a policy and/or practice, or lack thereof, which resulted in Defendants not paying Plaintiffs and other members of the below-described class in accordance with applicable laws as alleged herein.

17.    Defendants own and operate a line of automotive retailers that specialize in providing aftermarket parts and accessories to both consumers and

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

*Pipich, et al. v. O'Reilly Auto Enterprises, LLC*                    Fourth Amended Class Action Complaint

businesses. Defendants rely on a robust network of distribution centers strategically located across the United States to ensure timely product availability and optimal inventory levels throughout their stores. Defendants employ thousands of individuals at distribution centers throughout the state of California and the United States to support the flow of their automobile products into stores nationwide. The manual tasks that these employees perform include, without limitation, storing inventory, reviewing and selecting orders, pulling specific parts according to retailers' needs, packing orders, and loading and delivering orders.

18.     This case is about Defendants' failure to provide proper payment of all wages, including regular and overtime and doubletime wages and to otherwise comply with state labor laws. These claims are based on Defendants' failures to: (1) Provide all rest and meal periods; (2) Indemnify for necessary work-related expenditures; (3) Pay all wages earned for all hours worked at the correct rates of pay; (4) Issue accurate and complete itemized wage statements; (5) Timely pay wages during and upon termination of employment and; (6) Provide toilet and storage facilities, lockers, change rooms, and acceptable work temperatures, (7) Maintain accurate employment records; (8) Comply with the Business and Professions Code; and (9) Comply with other Labor Code requirements that prohibit employee quotas in certain circumstances.

19.     The Judicial Council of California's amended Emergency Rule 9 (effective May 29, 2020) provides that "[n]otwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020." The Advisory Committee Comment notes that "Emergency rule 9 is intended to apply broadly to toll any statute of limitations on the filing of a pleading in court asserting a civil cause of action. The term 'civil causes of action' includes special proceedings. (See Code Civ. Proc., §§ 312, 363 ['action,' as used in title 2 of the code (Of the Time of

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

6

Commencing Civil Actions), is construed 'as including a special proceeding of a civil nature' . . . .)  The rule also applies to statutes of limitations on filing causes of action in court found in codes other than the Code of Civil Procedure . . . ."  Accordingly, the relevant time period of claims discussed herein is three years prior to the date Plaintiffs filed this action, plus the additional time during which the statute of limitations was tolled (pursuant to Emergency Rule 9 of the California Rules of Court) and ongoing.

### III.    CLASS ALLEGATIONS

20.    This action has been brought and may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). Class members are similarly situated persons and there are common questions of law and fact that predominate over any questions that solely affect individual class members. Class treatment is also superior to all other methods for fairly and efficiently adjudicating this controversy because it will allow a large number of similarly situated persons to both simultaneously and efficiently prosecute their common claims in a single forum without the needless duplication of effort and expense that numerous individual actions would entail. Further, Plaintiffs are not aware of any difficulties that are likely to be encountered in the management of this action that would preclude class treatment.

21.    **Class Definition:** The Class is defined as follows: All persons Defendants employed in California, either directly or indirectly through staffing agencies, as hourly, non-exempt employees, including, but not limited to, pickers, drivers, warehouse workers, material handlers, individuals performing work comparable to the aforementioned, compensated comparably to the aforementioned, and individuals in similar positions, who worked at an O'Reilly distribution center any time during the period beginning July 5, 2018 and ending on the date that final judgment is entered in this action ("Class" or "Class Members").



SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

7

22.  **Reservation of Rights:** Pursuant to Rule of Court 3.765(b), Plaintiffs reserve the right to amend or modify the class definition with greater specificity, by further division into subclasses and/or by limitation to particular issues.

23.  **Numerosity:** The Class Members are so numerous that the individual joinder of each individual Class Member is impractical. While Plaintiffs do not currently know the exact number of Class Members, Plaintiffs are informed and believe that the actual number exceeds the minimum required for numerosity under California laws.

24.  **Commonality and Predominance:** Common questions of law and fact exist as to all Class Members and predominate over any questions which affect only individual Class Members. These questions include, but are not limited to:

A.  Whether Defendants failed to pay all wages earned to Class Members for all hours worked at the correct rates of pay, including minimum, regular, overtime, doubletime, meal period premium, and rest period premium;

B.  Whether Defendants failed to pay all wages earned at the correct rates of pay;

C.  Whether Defendants failed to provide the Class Members with all meal periods in compliance with California law;

D.  Whether Defendants failed to authorize and permit the Class Members to take all rest periods in compliance with California law;

E.  Whether Defendants failed to indemnify the Class Members for the reasonable expenses they incurred during the course of performing their duties;

F.  Whether Defendants knowingly and intentionally failed to provide the class with accurate and complete itemized wage statements;

G.  Whether Defendants willfully failed to provide the class with timely final wages;

H.  Whether Defendants failed to maintain complete and accurate

8

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

employee records, including payroll records;

I. Whether Defendants failed to provide the required facilities, including a safe work environment;

J. Whether Defendants violated Labor Code section 2102 by preventing Class Members from exercising their statutory rights to meal and rest breaks, or complying with health and safety standards, through the imposition of quotas;

K. Whether Defendants utilized quotas or monitoring systems that considered time spent on rest or meal breaks, or actions taken to comply with occupational health and safety laws as unproductive time in violation of Labor Code section 2103;

L. Whether Defendants engaged in unfair competition within the meaning of Business and Professions Code sections 17200, et seq., with respect to the Class; and

M. Whether Class Members are entitled to restitution of money or property that Defendants may have acquired from them through alleged Labor Code violations.

25. **Typicality:** Plaintiffs' claims are typical of the other Class Members' claims. Plaintiffs are informed and believe and thereon allege that Defendants have a policy and/or practice, or lack thereof, which resulted in Defendants failing to comply with the California Labor Code, the Wage Order, and the Business and Professions Code.

26. **Adequacy of Class Representative:** Plaintiffs are adequate class representatives in that they have no interests that are adverse to, or otherwise in conflict with, the interests of absent Class Members. Plaintiffs are dedicated to vigorously prosecuting this action on behalf of Class Members. Plaintiffs will fairly and adequately represent and protect the interests of Class Members.

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

9

*Pipich, et al. v. O'Reilly Auto Enterprises, LLC*     Fourth Amended Class Action Complaint

27.    **Adequacy of Class Counsel:** Plaintiffs' counsel are adequate class counsel in that they have no known conflicts of interest with Plaintiffs or absent Class Members, are experienced in class action litigation, and are dedicated to vigorously prosecuting this action on behalf of Plaintiffs and absent Class Members.

28.    **Superiority:** A class action is vastly superior to other available means for fair and efficient adjudication of Class Members' claims and would be beneficial to the parties and the Court. Class action treatment will allow a number of similarly situated persons to simultaneously and efficiently prosecute their common claims in a single forum without the unnecessary duplication of effort and expense that numerous individual actions would entail. In addition, the monetary amounts due to many individual Class Members are likely to be relatively small and would thus make it difficult, if not impossible, for individual Class Members to both seek and obtain relief. Moreover, a class action will serve an important public interest by permitting Class Members to effectively pursue the recovery of monies owed to them. Further, a class action will prevent the potential for inconsistent or contradictory judgments inherent in individual litigation.

## IV.    FACTUAL ALLEGATIONS

29.    Plaintiffs incorporate all paragraphs of this Complaint as if fully alleged herein.

30.    Plaintiff Pipich worked for Defendants as a City Counter Route Driver and warehouse employee from approximately July 2015 to February 2021. Plaintiff Pipich worked for at Defendants' Distribution Center Number 25 in Moreno Valley, California. Plaintiff Pipich was a non-exempt employee and was compensated on an hourly basis.

31.    Plaintiff Storm began working for Defendants on approximately October 19, 2020 at the O'Reilly Auto Parts Distribution Center Moreno Valley,

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

*Pipich, et al. v. O'Reilly Auto Enterprises, LLC*                    Fourth Amended Class Action Complaint

Riverside County in the non-exempt, hourly position of picker. Defendants continuously employed her in that capacity until on or about January 7, 2021 when her employment ended.

32.  On approximately December 4, 2018, Defendants began to employ Plaintiff Cull at the O'Reilly Auto Parts Distribution Center Moreno Valley, Riverside County in the non-exempt, hourly position of outbound material handler. From that date, Defendants continuously employed him in that capacity until on or about September 20, 2019 when his employment ended.

33.  From approximately October 29, 2019 to January 27, 2022, Defendants employed Plaintiff Kolakowski at the O'Reilly Auto Parts Distribution Center Stockton, San Joaquin County in the non-exempt, hourly positions of material handler and custodian.

34.  From approximately June of 2017 to March of 2020 and from June 2022 to October of 2023, Defendants employed Plaintiff Lopez at the O'Reilly Auto Parts Distribution Center Moreno Valley, Riverside County in the non-exempt, hourly positions of material handler and maintenance specialist.

35.  Defendants specialize in offering aftermarket automobile parts to professional and amateur consumers at their stores. Defendants operationalize their value proposition of offering excellent customer service to consumers in part through the support of a strategic network of distribution centers that channel inventory into Defendants' stores. Indeed, Defendants' business model is designed so that timely product availability and optimal inventory levels are achieved via this network of distribution centers, which provide five-nights-a-week delivery to substantially all stores.

36.  At all relevant times, Defendants issued wages to Plaintiffs and all of the other Class Members on a weekly and/or bi-weekly basis and paid them by the hour. At all relevant times, Defendants classified Plaintiffs and all of the other Class

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

11

1   Members as non-exempt employees entitled to the protections of the Labor Code

2   and the Wage Order.

3       37.     As hourly, non-exempt employees, Plaintiffs were required to clock-

4   in and clock-out at one of Defendants' timekeeping stations located inside the

5   distribution center. However, prior to clocking in each day, Defendants subjected

6   Plaintiffs to a health screening for Covid-19, a metal detector screening, and a

7   security inspection. After clocking out each day, Defendants subjected Plaintiffs to

8   an additional metal detector screening and security inspection.

9       38.     Defendants implemented the Covid-19 screening in 2020 following

10  the outbreak of the Coronavirus.

11      39.     Defendants imposed the Covid-19 screening as a requirement for work

12  each shift. The examination was conducted on Defendants' premises, was required

13  by Defendants, and was necessary for each employee to perform their work for

14  Defendants.

15      40.     Defendants failed to compensate Plaintiffs and all of the other Class

16  Members for all hours worked at the applicable minimum or regular rates of pay.

17  Defendants required Plaintiffs and Class Members to perform several tasks before

18  they could clock in for payroll purposes. Defendants required Plaintiffs and Class

19  Members to scan their work badges to enter the parking lot. This process often took

20  several minutes when several people were scheduled for the same shift and/or when

21  the gate scanner malfunctioned and did not open after an employee scanned his or

22  her badge. On such occasions, the employees had to wait several minutes for

23  another employee to open the gate before they could enter the parking lot.

24      41.     For a period of time, Defendants also required Plaintiffs and the Class

25  Members to spend time in COVID19 screening procedures before entering their

26  work areas. Plaintiffs and Class Members were subject to a Covid-19 screening at

27  a designated area in the employee parking lot and, later, in the employee lounge

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

12

*Pipich, et al. v. O'Reilly Auto Enterprises, LLC*     Fourth Amended Class Action Complaint

area, both which anteceded access to the main distribution center area where employees conduct their work and where timekeeping stations were located. The screening process involved a security guard or another employee of Defendants asking a series of questions related to the employee's potential exposure to the virus and present health symptoms. The screening process also entailed taking the employee's temperature. If the employee passed the examination, s/he was allowed to continue to the next screening, namely the security inspection, before s/he could officially clock in and commence getting paid for their work.

42.     The amount of time that it took to undergo the Covid-19 screening ranged between two to five minutes on average. However, the total time spent in the screening process often exceeded five minutes due to the number of employees waiting in line to undergo the screening.

43.     This Covid-19 daily screening should have been paid by Defendants because Plaintiffs and the Class Members were subject to Defendants' control, had no option of opting out of the health screening, and were threatened with disciplinary action if they failed to comply with the screening. Plaintiffs and the Class Members, specifically, were compelled to remain on Defendants' premises during the duration of the screening and perform a series of tasks as instructed by Defendants, namely answering questions related to their health and submitting to their temperatures being taken. Defendants' control and restraint prevented Plaintiffs and the Class Members from using this time for their own purposes.

44.     Plaintiffs and the Class Members nonetheless completed this work while off the clock and without time added to their pay to compensate for the Covid-19 screening.

45.     Defendants further required Plaintiffs and the Class Members to spend time in security check procedures before entering their work areas and before they could clock in for purposes of payroll.

**S P I V A K   L A W**
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

13

*Pipich, et al. v. O'Reilly Auto Enterprises, LLC*     Fourth Amended Class Action Complaint

1   46.    The security inspection prior to each shift, like the Covid-19 screening,
2   was imposed by Defendants as a requirement for work. The inspection was
3   conducted on Defendants' premises, was required by Defendants, and entailed
4   significant control over employees' time.

5   47.    Plaintiffs and the Class Members underwent the security screening in
6   tandem with and after undergoing the Covid-19 screening, but prior to clocking in
7   for work, at the start of each workday. Indeed, the security screening took place
8   inside the employee lounge, which was outside the main distribution center area
9   where employees accessed timekeeping stations to clock in.

10  48.    The security screening was overseen by a security guard. On a typical
11  morning, Plaintiffs and the Class Members would walk up to the security station,
12  empty their pockets, remove any metals, open any bags, walk through the metal
13  detector, collect all belongings, walk across the remaining twenty-five feet of the
14  security area, enter the main distribution center area, and only then would they clock
15  in. The clock-in station was located about ten to fifteen feet from the door.

16  49.    The amount of time that it took to undergo the pre-shift security
17  inspection ranged between three to five minutes on average. However, this time
18  often exceeded five minutes depending on the number of employees waiting in line
19  to undergo the screening.

20  50.    After passing through security checks, Plaintiffs and Class Members
21  had to stand in lines for several minutes before they could clock in for payroll
22  purposes. Defendants did not allow Plaintiffs and Class Members to clock in more
23  than three (3) minutes before their scheduled start time. Defendants disciplined the
24  Class Members if they clocked in even one minute past their scheduled start time
25  and if they were not present on-time with all their equipment, such as RF guns and
26  headsets, at their works stations for staff meetings and stretches at the start of their
27  shifts. As such, to avoid disciplinary actions, including and up to termination,

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

14

*Pipich, et al. v. O'Reilly Auto Enterprises, LLC*                    Fourth Amended Class Action Complaint

1  Plaintiffs and Class Members had no choice but to arrive minutes before their
2  scheduled start time to allow themselves enough time to go through the COVID19
3  and security check process and clock-in, pick up and sign up for their equipment,
4  and be present at their work stations at the start of their shifts for daily meetings and
5  stretches. Defendants did not pay Plaintiffs and the Class Members for these off-
6  the-clock activities. Defendants also required Plaintiffs and the Class Members to
7  spend time in security check procedures during their off-the-clock meal periods.
8  Defendants did not pay Plaintiffs and the Class Members for time spent in these
9  meal time activities nor pay for the entirety of the interrupted 30-minute meal period
10  as time worked.

11  51.    Moreover, Plaintiffs and the Class Members were subject to the same
12  security inspection upon clocking out for the day and before leaving Defendants'
13  premises.

14  52.    The amount of time that it took to undergo the post-shift security
15  inspection was slightly longer and ranged between three to ten minutes on average.
16  However, this time often exceeded ten minutes depending on the number of
17  employees waiting in line to undergo the screening. Plaintiffs and the Class
18  Members noticed that lengthier lines occurred most frequently post-shift when
19  larger groups of employees ended their shift around the same time.

20  53.    The daily pre-shift and post-shift off-the-clock security inspections
21  should have been paid by Defendants because Plaintiffs and the Class Members
22  were subject to Defendants' control, could not opt out of the security inspections,
23  and were threatened with disciplinary action if they failed to comply with the
24  security inspections. Plaintiffs and the Class Members, specifically, were compelled
25  to remain on Defendants' premises during the duration of the inspection and
26  perform a series of tasks as instructed by Defendants, namely opening bags,
27  removing any metals, walking through the metal detector, and collecting all

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

15

belongings. Defendants' control and restraint prevented Plaintiffs and the Class Members from using this time for their own purposes. For instance, Plaintiffs and the Class Members could not use their cell phones or consume any food given that these items were prohibited from entering the distribution center.

54.     The primary job duties of Plaintiffs and the Class Members do not fall under any exemptions to the California Labor Code.

55.     Defendants failed to compensate Plaintiffs and all of the other Class Members at the correct rates of pay for all hours worked over eight (8) in a day, over forty (40) in a week, and for the first eight (8) hours of the seventh day of the workweek. The unpaid activities described above extended the workdays of Plaintiffs and the Class Members in excess of eight hours in a day and in excess of forty (40) hours in a week. However, Defendants did not compensate Plaintiffs and the Class Members at overtime premium rates of pay for all overtime hours worked.

56.     Defendants failed to compensate Plaintiffs and all of the other Class Members at the correct rates of pay for all hours worked over twelve (12) in a day, and all over the first eight (8) of the seventh day of the workweek. The unpaid activities described above extended the workdays of Plaintiffs and the Class Members in excess of twelve (12) hours in a day. However, Defendants did not compensate Plaintiffs and the Class Members at doubletime premium rates of pay for such work.

57.     Moreover, Defendants did not pay Class Members all their overtime and doubletime wages, and the overtime that was paid, as well as PTO, to the extent there was any, at the correct rates of pay as Defendants incorrectly calculated the regular rate of pay for overtime and doubletime by failing to include all forms of pay, including, but not limited to non-discretionary bonuses and commissions, wage premiums or shift differential pay, when calculating their regular rates of pay for purposes of overtime and doubletime wages.

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

*Pipich, et al. v. O'Reilly Auto Enterprises, LLC*                    Fourth Amended Class Action Complaint

58.     At all relevant times, Defendants failed to provide Plaintiffs and all of the other Class Members with all timely 30-minute, off-duty meal periods. As explained above, Defendants required Plaintiffs and the Class Members to spend time in security check procedures and during their off-the-clock meal periods. Defendants prohibited Plaintiffs and the Class Members from taking their personal items such as food brought from home, mobile phones, and other electronic devices into their work areas. To enjoy the use of such personal items during their meal periods or rest breaks, Defendants required Plaintiffs and the Class Members to undergo the security check procedures during their off-the-clock meal periods. Defendants did not pay Plaintiffs and the Class Members for time spent in these meal time activities nor pay for the entirety of the interrupted 30-minute meal period as time worked. Defendants also failed to pay premium wages for days on which they failed to provide Plaintiffs and all of the other Class Members with meal periods as required by law.

59.     At all relevant times, Defendants failed to authorize and permit Plaintiffs and all of the other Class Members to take ten-minute, off-duty, paid rest breaks every four hours worked or major portion thereof. As explained above, Defendants also required Plaintiffs and the Class Members to spend time in security check procedures during their off-duty rest breaks. To enjoy the use of personal items such as food brought from home, mobile phones, and other electronic devices, Defendants required Plaintiffs and the Class Members to undergo the security check procedures during their off-duty rest breaks. Defendants did not pay Plaintiffs and the Class Members for time spent in these rest break time activities. Defendants also failed to pay premium wages for days on which they failed to authorize and permit Plaintiffs and all of the other Class Members to take rest breaks as required by law

60.     Defendants further had strict time efficiency requirements for Plaintiffs and the Class Members. Defendants used productivity scanners and

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

17

certain software to monitor Plaintiffs and the Class Members' productivity which monitored Plaintiffs and the Class Members at all times. Defendants' productivity requirements prevented and discouraged Plaintiffs and the Class Members from taking restroom breaks and full rest and meal periods according to California laws. Defendants categorized the time Plaintiffs and the Class Members spent on breaks including reasonable travel time to and from the restrooms as unproductive in their monitoring system which was a violation of Labor Code §§ 2102 and 2103.

61.     At all relevant times, Defendants required Plaintiffs and all of the other Class Members to incur certain business expenses in the course of performing their duties. Defendants required Plaintiffs and all of the other Class Members to supply latex gloves, masks, cleaning products, work gloves, steel toed work boots, and other protective gear such as work boots to perform their job duties. Defendants also required Plaintiffs and all of the other Class Members to use their personal cellphones for work purposes. However, Defendants did not provide these items and did not reimburse Plaintiffs and the other Class Members for these items.

62.     Further, the wage statements Defendants provided to Plaintiffs and the Class Members failed to state the correct total number of hours worked during each pay period when they were paid different rates of pay for the same number of hours worked. The wage statements Defendants issued to Plaintiffs and the Class Members also failed to indicate the amount of paid sick leave or the amount of paid time off available to be used in lieu of sick leave.

63.     At all relevant times during the applicable limitations period, Defendants failed to provide sufficient toilet facilities for use by Plaintiffs and the Class Members within reasonable access.   Defendants also failed to provide sufficient lockers, closets, storage facilities, and changing rooms for use by Plaintiffs and the Class Members.   Moreover, Defendants failed to provide acceptable temperatures for the work areas they expected Plaintiffs and the Class

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

18

Members to perform their job duties in resulting in unsafe and unhealthy working conditions.

64. For the reasons stated herein, Plaintiffs allege that as a result of Defendants' unlawful practice and policies, Plaintiffs and the Class Members were:

   A. Not provided with all off duty meal periods;

   B. Not provided with all rest break periods as required by law;

   C. Not paid one hour's pay for each workday in which Defendants failed to provide them with one or more timely rest periods;

   D. Not paid one hour's pay for each workday in which Defendants failed to provide them with one or more timely meal periods;

   E. Not paid all wages earned, including, but not limited to, regular and overtime wages at the correct rates of pay including the work performed while clocked out;

   F. Not indemnified for all necessary business expenditures incurred during the discharge of their duties;

   G. Not provided with complete and correct itemized wage statements;

   H. Not paid all earned and unpaid wages during their employment and when their employment ended;

   I. Not provided with sufficient toilet and storage facilities, change rooms, and acceptable work temperatures; and

   J. subject to unlawful quotas in violation of the Labor code.

/ / /

/ / /

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

*Pipich, et al. v. O'Reilly Auto Enterprises, LLC*          Fourth Amended Class Action Complaint

# FIRST CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL PERIODS

### Lab. Code §§ 226.7, 512, 1198

**(By Plaintiffs, on behalf of themselves and the Class, against all Defendants)**

65.     Plaintiffs incorporate all paragraphs of this Complaint as if fully alleged herein.

66.     At all relevant times, Plaintiffs and the Class Members have been non-exempt employees entitled to the protections of both the Labor Code and the Wage Order.

67.     In relevant part, California Labor Code § 1198 states:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

68.     In relevant part, In relevant part, California Labor Code § 512 states:

> An employer shall not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee.

> An employer shall not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.


**SPIVAK LAW**
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

*Pipich, et al. v. O'Reilly Auto Enterprises, LLC*          Fourth Amended Class Action Complaint

69.   In relevant part, Section 10 of the Wage Order states:

**<u>Meal Periods</u>**

(A)   No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

(B)   An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C)   Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D)   If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

(E)   In all places of employment where employees are required to eat on the premises, a suitable place for that purpose shall be designated.

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

21

70.   In relevant part, California Labor Code § 226.7 states:

(b)   An employer shall not require an employee to work during a meal or rest period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

(c)   If an employer fails to provide an employee a meal period or rest period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

71.   Pursuant to California Labor Code § 512 and the Wage Order, Plaintiffs and the Class Members were entitled to uninterrupted meal periods of at least 30 minutes for each day they worked five or more hours. Pursuant to California Labor Code § 512 and the Wage Order, they were also entitled to a second 30-minute meal period when they worked more than 10 hours in a workday.

72.   As discussed above, Defendants intentionally failed to provide Plaintiffs and the Class Members with all required 30-minute duty free meal periods.

73.   Plaintiffs are informed and believe and thereon allege that, at all relevant times within the applicable limitations period, Defendants had a policy, practice, or a lack of a policy which resulted in Defendants not providing Plaintiffs and the Class Members with all off-duty meal periods and rest breaks required by California law. Class Members also suffered late, short, interrupted, and/or missed



**SPIVAK LAW**
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

*Pipich, et al. v. O'Reilly Auto Enterprises, LLC*                    Fourth Amended Class Action Complaint

first and second meal periods, and on occasion, the job demands were such that they were prevented from having meal periods altogether.

74.     Plaintiffs are informed and believe and thereon allege that, at all relevant times within the applicable limitations period, Defendants had a policy, practice, or a lack of a policy which resulted in Defendants not providing the Class Members with all off-duty meal periods required by California law.

75.     As a result of Defendants' unlawful conduct, Plaintiffs and the Class Members have suffered damages in amounts subject to proof to the extent they were not paid additional wages owed for all meal periods not provided to them.

76.     By reason of the above, Plaintiffs and the Class Members are entitled to premium wages for workdays in which one or more meal periods were not provided to them pursuant to California Labor Code § 226.7.

## SECOND CAUSE OF ACTION

### FAILURE TO AUTHORIZE AND PERMIT REST BREAKS

### Lab. Code § 226.7 and 1198

### (By Plaintiffs, on behalf of themselves and the Class, against all Defendants)

77.     Plaintiffs incorporate all paragraphs of this complaint as if fully alleged herein.

78.     At all relevant times during the applicable limitations period, Plaintiffs and the Class Members have been employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 226.7 and 1198, and the Wage Order.

79.     In relevant part, California Labor Code § 1198 states:

> The maximum hours of work and the standard conditions
> of labor fixed by the commission shall be the maximum
> hours of work and the standard conditions of labor for
> employees. The employment of any employee for longer
> hours than those fixed by the order or under conditions

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

23

of labor prohibited by the order is unlawful.

80.　In relevant part, Section 11 of the Wage Order states:

**Rest Periods**

(A)　"Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

(B)　If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided."

81.　Pursuant to the Wage Order, Plaintiffs and the Class Members were entitled to be authorized and permitted to take net rest breaks of at least ten minutes for each four-hour period of work, or major fraction thereof.

82.　Defendants intentionally failed to authorize and permit Plaintiffs and the Class Members to take all 10-minute rest periods free from any work duties in accordance with the Wage Order.

83.　As explained above, at all relevant times, Defendants failed to authorize and permit Plaintiffs and all of the other Class Members to take ten-minute, paid, duty-free rest breaks every four hours worked or major fraction thereof. Class Members also experienced short, untimely, and interrupted rest

*Pipich, et al. v. O'Reilly Auto Enterprises, LLC*　　　　Fourth Amended Class Action Complaint

periods, and on occasion, the job demands were such that they were prevented from having rest periods altogether. Defendants did not seek an exemption from the rest period protections of the Wage Order from the California Division of Labor Standards Enforcement.

84. Plaintiffs are informed and believe and thereon allege that, at all relevant times within the applicable limitations period, Defendants had a policy, practice, or a lack of a policy which resulted in Defendants not authorizing and permitting Plaintiffs and the Class Members to take all rest breaks required by California law.

85. Defendants failed to provide Plaintiffs with all required rest breaks in accordance with the Wage Order. Plaintiffs are informed and believe and thereon allege that, at relevant times within the applicable limitations period, Defendants had a policy, practice, or a lack of a policy which resulted in Defendants not providing the Class Members with all rest breaks required by California law.

86. Defendants failed to pay Plaintiffs the additional wages required by California Labor Code § 226.7 for all rest breaks not provided to them. Plaintiffs are informed and believe and thereon allege that, at relevant times within the applicable limitations period, Defendants have maintained a policy, practice, or a lack of a policy which resulted in Defendants not providing the Class Members with additional wages for all rest breaks not provided to them as required by California Labor Code § 226.7.

87. As a result of Defendants' unlawful conduct, Plaintiffs and the Class Members have suffered damages in amounts subject to proof to the extent they were not paid additional wages owed for all rest breaks not provided to them.

88. By reason of the above, Plaintiffs and the Class Members are entitled to premium wages for workdays in which one or more rest breaks were not provided to them pursuant to California Labor Code § 226.7.

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

25

<u>**THIRD CAUSE OF ACTION**</u>

**FAILURE TO PAY ALL WAGES EARNED AT THE CORRECT RATES OF PAY**

**Lab. Code §§ 223, 510, 1194, 1197, and 1198**

**(By Plaintiffs, on behalf of themselves and the Class, against all Defendants)**

89.     Plaintiffs incorporate all paragraphs of this complaint as if fully alleged herein.

90.     At all relevant times during the applicable limitations period, Plaintiffs and the Class Members have been employees of Defendants and entitled to the benefits and protections of California Labor Code and the Wage Order.

91.     Section 2 of the Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

92.     Section 3 of the Wage Order states:

(A) Daily Overtime - General Provisions

(1) The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including





**SPIVAK LAW**
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

*Pipich, et al. v. O'Reilly Auto Enterprises, LLC*          Fourth Amended Class Action Complaint

12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek.

(b) Double the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

(c) The overtime rate of compensation required to be paid to a nonexempt full-time salaried employee shall be computed by using the employee's regular hourly salary as one-fortieth (1/40) of the employee's weekly salary.

93.     Section 4 of the Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consists of all hours that an employer has actual or constructive knowledge that employees are working.

94.     Labor Code section 510 states:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

95.     Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum wage required under the applicable Wage Order.

96.     Labor Code § 1194.2 authorizes employees to recover liquidated

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

*Pipich, et al. v. O'Reilly Auto Enterprises, LLC*          Fourth Amended Class Action Complaint

damages for violations of Labor Code § 1194.2, where an employee is not paid for all hours worked, they may recover minimum wages and liquidated damages.  (See *Sillah v. Command Int'l Sec. Servs.* (N.D. Cal. 2015) 154 F. Supp.3d 891.)

97.   Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

98.   Labor Code section 1198 makes it unlawful for an employer to employ an employee under conditions that violate the Wage Order.

99.   Labor Code § 223 makes it unlawful for employers to pay their employees wages lower than required by contract or statute while purporting to pay them legal wages.  Section 2 of the Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

100.   In conjunction, these provisions of the Labor Code require employers to pay non-exempt employees no less than their agreed-upon or statutorily mandated wage rates for all hours worked, including unrecorded hours when the employer knew or reasonably should have known that employees were working during those hours. (See *Morillion v. Royal Packing Co.* (2000) 22 Cal.4th 575, 585.)

101.   As discussed above, at all relevant times during the applicable limitations period, Defendants required Plaintiffs and the Class Members to work off-the-clock without compensation. Further, the unpaid activities explained above extended the workdays of Plaintiffs and the Class Members in excess of eight hours in a day and in excess of 40 hours in a week. However, Defendants did not compensate Plaintiffs and the Class Members at overtime premium rates of pay for all overtime hours worked. The unpaid activities explained above also extended the

**SPIVAK LAW**
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

28

*Pipich, et al. v. O'Reilly Auto Enterprises, LLC*    Fourth Amended Class Action Complaint

workdays of Plaintiffs and the Class Members in excess of 12 hours in a day. However, Defendants did not compensate Plaintiffs and the Class Members at doubletime premium rates of pay for all doubletime hours worked.

102.   Plaintiffs are informed and believe and thereon allege that, at all relevant times, Defendants maintained a policy and/or practice, or lack thereof, which resulted in Defendants' failure to compensate Plaintiffs and the other Class Members for all hours worked as required by California law.

103.   As a result of Defendants' unlawful conduct, Plaintiffs and the other Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period.

104.   Pursuant to Labor Code section 1194, Plaintiffs, on behalf of themselves and Class Members, seek to recover unpaid wages, liquidated damages in amounts equal to the amounts of unpaid wages, interest thereon, and awards of reasonable costs and attorneys' fees, all in amounts subject to proof.

105.   Additionally, with respect to this cause of action, on behalf of themselves and the class, Plaintiffs pray for an award of reasonable costs and attorneys' fees, including interest thereon, as permitted by law, all in amounts subject to proof.

## FOURTH CAUSE OF ACTION
## FAILURE TO INDEMNIFY
## Lab. Code § 1198 and 2802
## (By Plaintiffs, on behalf of themselves and the Class, against all Defendants)

106.   Plaintiffs incorporates all paragraphs of this complaint as if fully alleged herein.

107.   At all relevant times during the applicable limitations period, Plaintiffs and the Class Members have been employees of Defendants and entitled to the

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

benefits and protections of California Labor Code and the Wage Order.

108.  In pertinent part, California Labor Code § 2802(a) states: "An employer shall indemnify his or her employee[s] for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her duties."

109.  California Labor Code § 1198 prohibits employers from employing their employees under conditions prohibited by the Wage Order.

110.  At all relevant times, Defendants required Plaintiffs and the Class Members to incur certain business expenses in the course of performing their duties. During the applicable limitations period, Defendants required Plaintiffs and all of the other Class Members to supply latex gloves, masks, cleaning products, work gloves, steel toed work boots, and other protective gear to perform their job duties. Defendants also required Plaintiffs and all of the other Class Members to use their personal cellphones for work purposes. However, Defendants did not provide these items and did not reimburse Plaintiffs and the other Class Members for these items.

111.  Plaintiffs are informed and believe and thereon allege that, at all relevant times, Defendants maintained a policy and/or practice, or lack thereof, which resulted in Defendants' failure to indemnify Plaintiffs and the Class Members for the reasonable expenses they incurred during the course of performing their duties.

112.  By reason of the above, Plaintiffs and the members of the class are entitled to reimbursement for all necessary expenditures and losses and interest due and owing to them within four years (4) of the date of the filing of the Complaint until the date of entry of judgment pursuant to California Labor Code section 2802(b). Further, Plaintiffs, on behalf of themselves and the class, pray for reasonable attorney's fees pursuant to Labor Code section 2802(c).

30

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

113.   Additionally, with respect to this cause of action, on behalf of themselves and the class, Plaintiffs pray for an award of reasonable attorney fees and costs, including interest thereon, as permitted by law, all in amounts subject to proof.

## FIFTH CAUSE OF ACTION

### FAILURE TO ISSUE ACCURATE AND COMPLETE WAGE STATEMENTS

### Lab. Code § 226

**(By Plaintiffs, on behalf of themselves and the Class, against all Defendants)**

114.   Plaintiffs incorporate all paragraphs of this Complaint as if fully alleged herein.

115.   Pursuant to California Labor Code § 226(a), Plaintiff Lopez and the Class Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement showing:

A.   Gross wages earned;

B.   Total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission;

C.   The number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis;

D.   All deductions, provided that all deductions made on written orders of the Employee may be aggregated and shown as one item;

E.   Net wages earned;

F.   The inclusive dates of the period for which the employee is paid;

G.   The name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security



**SPIVAK LAW**
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

31

*Pipich, et al. v. O'Reilly Auto Enterprises, LLC*          Fourth Amended Class Action Complaint

number or an employee identification number other than a social security number may be shown on the itemized statement;

H.   The name and address of the legal entity that is the employer; and

I.   All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

116.   Pursuant to California Labor Code § 226, an employee is deemed to suffer injury if the employer fails to provide a wage statement. Also, an employee is deemed to suffer injury if the employer fails to provide accurate and complete information as required by California Labor Code § 226(a) and the employee cannot "promptly and easily determine" from the wage statement alone one or more of the following:

A.   The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to California Labor Code § 226(a);

B.   Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period;

C.   The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682 of the California Labor Code, the name and address of the legal entity that secured the services of the employer during the pay period;

D.   The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; and

E.   The number of piece-rate units earned and the piece rate.

117.   "Promptly and easily determine," as stated in California Labor Code

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

32

*Pipich, et al. v. O'Reilly Auto Enterprises, LLC*   Fourth Amended Class Action Complaint

§ 226(e), means a reasonable person would be able to readily ascertain the information without reference to other documents or information.

118.   As alleged herein, at all relevant times during the applicable limitations period, Defendants violated California Labor Code section 226 because they did not properly and accurately itemize each employee's gross wages earned, net wages earned, the total hours worked, the corresponding number of hours worked at each rate by the employee and other requirements of California Labor Code section 226. Defendants failed to state in the wage statements they issued to Plaintiffs and the other Class Members all their hours worked and wages earned, including, but not limited to, regular and overtime wages for work they performed off-the-clock after clocking-out (as described above). Defendants knowingly and intentionally did not issue wage statements to Plaintiffs and the Class Members that state all minimum wages earned, all regular wages earned, all overtime wages earned, all doubletime wages earned, all meal period premium wages earned, all rest break premium wages earned, and related information.

119.   In addition, Defendants failed to provide accurate wage statements to Class Members who are paid a shift differential.  Those employees wage statements do not state the correct amount of gross wages earned or the correct amount of net wages earned for acknowledged meal period violations because Defendants pay those employees premium wages for meal period violations at their base hourly rate of pay and not their regular rate of pay because the shift differential is higher than their base hourly rate of pay.

120.   Moreover, Defendants wage statements are inaccurate and in violation of Labor Code § 246 because their wage statements do not indicate the amount of paid sick leave available or the amount of paid time off available to be used in lieu of sick leave.  Further, the wage statements provided to Plaintiff and the Class Members failed to state the correct total amount of hours worked during the pay

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

33

period because the total amount of hours worked in the pay period indicated on the pay stubs was the sum of hours attributed to all types of wage payments even when the Class Members were paid different types of wages for the same number of hours worked.

121.    Plaintiffs and the Class Members are informed and believed and based thereon allege that Defendants had a policy or practice of failing to pay employees wages owed for: unacknowledged meal period violations; premium wages for rest period violations; minimum or overtime wages for compensable meal period time; and minimum or overtime wages owed for time spent going through security checks and going to the locker room to return or retrieve equipment before clocking in for work or after clocking out for work.  As a result, Defendants had a policy or practice of providing employees wage statements in violation of Labor Code § 226(a).

122.    Defendants' failure to provide Plaintiffs and the other Class Members with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiffs and the other Class Members with accurate wage statements but intentionally provided wage statements that Defendants knew were not accurate.

123.    As a result of being provided with inaccurate wage statements by Defendants, Plaintiffs and the other Class Members have suffered injury. Their legal rights to receive accurate wage statements were violated and they were misled about the amount of wages they had actually earned and were owed. In addition, the absence of accurate information on their wage statements prevented immediate challenges to Defendants' unlawful pay practices, has required discovery and mathematical computations to determine the amounts of wages owed, has caused difficulty and expense in attempting to reconstruct time and pay records and/or has led to the submission of inaccurate information about wages to state and federal government agencies. Further, Plaintiffs and the other Class Members were not able

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

34

to ascertain from the wage statements whether Defendants complied with their obligations under California Labor Code section 226(a).

## SIXTH CAUSE OF ACTION

### WILLFUL FAILURE TO TIMELY PAY FINAL WAGES

### (Lab. Code §§ 201, 202, and 203)

### (By Plaintiffs, on behalf of herself and the Class, against all Defendants)

124. Plaintiffs incorporate all paragraphs of this Complaint as if fully alleged herein.

125. At all relevant times during the applicable limitations period, Plaintiffs and the Class have been non-exempt employees of Defendants and entitled to the benefits and protections of California Labor Code §§ 201, 201.3, 202, 203, and the Wage Order.

126. Labor Code § 201 provides that all earned and unpaid wages of an employee who is discharged are due and payable immediately at the time of discharge.

127. Labor Code § 202 provides that all earned and unpaid wages of an employee who quits after providing at least 72-hours notice before quitting are due and payable at the time of quitting and that all earned and unpaid wages of an employee who quits without providing at least 72-hours notice before quitting are due and payable within 72 hours.

128. Labor Code § 227.3 provides that if an employer provides PTO, that employer must then pay out at termination that portion of an employee's paid time off that is vested but unused.

129. By failing to pay earned minimum, overtime, and premium wages to Plaintiffs and the Class Members, Defendants failed to timely pay them all earned and unpaid wages in violation of Labor Code § 201 or § 202.

130. Plaintiffs are informed and believes that Defendants' failures to timely

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

35

pay Plaintiffs and the Class Members all of their earned and unpaid wages (described above) have been willful in that, at all relevant times, Defendants have deliberately maintained policies and practices that violate the requirements of the Labor Code and the Wage Order, even though at all relevant times, they have had the ability to comply with those legal requirements.

131.   Pursuant to Labor Code § 203, Plaintiffs seek waiting time penalties on behalf of themselves and the Class, in amounts subject to proof not to exceed 30 days of waiting time penalties for each Class Member.

### SEVENTH CAUSE OF ACTION

**UNFAIR COMPETITION**

**(Bus. & Prof. Code §§ 17200, *et seq.*)**

**(By Plaintiffs, on behalf of themselves and the Class, against all Defendants)**

132.   Plaintiffs incorporates all paragraphs of this Complaint as if fully alleged herein.

133.   At all relevant times during the applicable limitations period, Plaintiffs and the class have been employees of Defendants and entitled to the benefits and protections of the Business and Professions Code §§ 17200, *et seq*.

134.   The unlawful conduct of Defendants alleged herein amount to and constitutes unfair competition within the meaning of California Business & Professions Code §§ 17200, *et seq*. Due to their unfair and unlawful business practices alleged herein, Defendants have unfairly gained a competitive advantage over other comparable companies doing business in California that comply with their legal obligations to compensate employees for all earned wages.

135.   As a result of Defendants' unfair competition as alleged herein, Plaintiffs and the Class Members have suffered injuries in fact and lost money or property. Plaintiffs and the Class Members were deprived of money for work related expenses, minimum wages, regular wages, overtime wages, doubletime wages,

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

*Pipich, et al. v. O'Reilly Auto Enterprises, LLC*                    Fourth Amended Class Action Complaint

missed rest period premium wages, missed meal period premium wages, and comparable money and property.

136. Pursuant to California Business & Professions Code § 17203, Plaintiffs and the Class Members are entitled to restitution of all monies rightfully belonging to them that Defendants did not pay them or otherwise retained by means of their unlawful and unfair business practices.

137. Plaintiffs and the Class Members are entitled to reasonable attorneys' fees in connection with their unfair competition claims pursuant to California Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

### EIGHTH CAUSE OF ACTION

### CIVIL PENALTIES

### (Lab Code §§2698, *et seq.*)

### (By Plaintiff and the Aggrieved Employees against all Defendants)

138. Plaintiff incorporates all paragraphs of this Complaint as if fully alleged herein.

139. The "Aggrieved Employees" are all members of the Class defined above who Defendants employed during the period beginning May 11, 2020 and ending on the date that final judgment is entered in this action.

140. California Labor Code §§ 2698 *et seq.* grant California employees the right to bring a civil action for violation of any provision of the Labor Code on behalf of themselves and other current or former employees to recover civil penalties. In passing PAGA, the California Legislature

"declared that adequate financing of labor law enforcement was necessary to achieve maximum compliance with state labor laws, that staffing levels for labor law enforcement agencies had declined and were unlikely to keep pace with future growth of the labor market, and that it was therefore in the public interest to allow aggrieved employees, acting as private attorneys general, to

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

37

*Pipich, et al. v. O'Reilly Auto Enterprises, LLC*      Fourth Amended Class Action Complaint

1

recover civil penalties for Labor Code violations."

2

*Arias v. Super. Ct.*, 46 Cal. 4th 969, 980 (2009).

3

4

5

6

7

8

9

141.   PAGA permits aggrieved employees to collect the civil penalties authorized by law and normally collectible by the Labor and Workforce Development Agency ("LWDA") or any of its departments or divisions. *See* Cal. Lab. Code § 2699(a). However, because the action is brought on behalf of the state, 75% of the fees collected are distributed to the LWDA for the enforcement of labor laws and for the education of employers and employees. The remaining 25% is shared between the aggrieved employees. *See* Cal. Lab. Code § 2699(i).

10

11

12

13

14

15

142.   PAGA provides that any civil penalty assessed and collected by the LWDA for violations of applicable provisions of the California Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code § 2699.3.

16

17

18

19

20

21

143.   Pursuant to Labor Code § 2699.3(a)(1)(A), before commencing a civil action, an aggrieved employee must first give notice by online filing with the LWDA and by certified mail to the employer of the alleged violations, including the facts and theories supporting the allegations. If the LWDA fails to investigate the alleged violations within sixty-five calendar days of the date of the notice, then the aggrieved employee may file a civil action to seek penalties.

22

144.   Labor Code § 204 states

23

24

25

26

27

28

(a)     All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

38

and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. …

(b)   (1)   Notwithstanding any other provision of this section, all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

(2)   An employer is in compliance with the requirements of subdivision (a) of Section 226 relating to total hours worked by the employee, if hours worked in excess of the normal work period during the current pay period are itemized as corrections on the paystub for the next regular pay period. Any corrections set out in a subsequently issued paystub shall state the inclusive dates of the pay period for which the employer is correcting its initial report of hours worked.

(c)   However, when employees are covered by a collective bargaining agreement that provides different pay arrangements, those arrangements shall apply to the covered employees.

(d)   The requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period.

145.   Defendants paid wages to employees on regular intervals. Defendants, however, failed to pay Plaintiff on such intervals for all wages earned and all hours worked. On information and belief, Plaintiff alleges that Defendants also failed to pay the Aggrieved Employees on such intervals for all wages earned and all hours worked.

146.   Labor Code § 2350 states,

Every factory, workshop, mercantile or other establishment in which one or more persons are employed, shall be kept clean and free from the effluvia arising from any drain or other nuisance, and shall be provided, within reasonable access, with a sufficient number of toilet facilities for the use of the employees. When there are five or more employees who are not all of the same gender, a sufficient number of

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

*Pipich, et al. v. O'Reilly Auto Enterprises, LLC*                    Fourth Amended Class Action Complaint

separate toilet facilities shall be provided for the use of each sex, which shall be plainly so designated.

147. Section 13 of the Wage Order states,

(A) Employers shall provide suitable lockers, closets, or equivalent for the safekeeping of employees' outer clothing during working hours, and when required, for their work clothing during non-working hours. When the occupation requires a change of clothing, change rooms or equivalent space shall be provided in order that employees may change their clothing in reasonable privacy and comfort. These rooms or spaces may be adjacent to but shall be separate from toilet rooms and shall be kept clean.

NOTE: This section shall not apply to change rooms and storage facilities regulated by the Occupational Safety and Health Standards Board.

(B) Suitable resting facilities shall be provided in an area separate from the toilet rooms and shall be available to employees during work hours.

148. Section 15(A) of the Wage Order states, "A temperature of not less than 68° shall be maintained in the toilet rooms, resting rooms, and change rooms during hours of use."

149. Labor Code § 1198 makes it unlawful for an employer to employ an employee under conditions that violate the Wage Order.

150. Labor Code § 1197.1 entitles employees who are paid less the minimum wage fixed by state or local law, or by an order of the commission, to a civil penalty, restitution of wages, and liquidated damages: "(1) [f]or any initial violation that is intentionally committed, one hundred dollars ($100) for each unpaid employee for each pay period for which the employee is underpaid [and] (2) [f]or each subsequent violation for the same specific offense, two hundred fifty

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

*Pipich, et al. v. O'Reilly Auto Enterprises, LLC*          Fourth Amended Class Action Complaint

dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed.

151.   Labor Code § 6404 prohibits an employer from maintaining a place of employment "that is not safe and healthful."   The temperatures in O'Reilly's locations/centers frequently exceed the limit for a safe and healthful workplace. For example, the temperatures in some of the Aggrieved Employees' locations/centers reached or exceeded 90 degrees.

152.   Labor Code section 1174, which also pertains to recordkeeping, states in relevant part:

Every person employing labor in this state shall:

. . .

(c)   Keep a record showing the names and addresses of all employees employed and the ages of all minors.

(d)   Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned.

153.   Labor Code section 1174.5 states:

Any person employing labor who willfully fails to maintain the records required by subdivision (c) of Section 1174 or accurate and complete records required by subdivision (d) of Section 1174, or to

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

41

allow any member of the commission or employees of the division to inspect records pursuant to subdivision (b) of Section 1174, shall be subject to a civil penalty of five hundred dollars ($500).

154.    Section 7 of the Wage Order states,

1.    Every employer shall keep accurate information with respect to each employee including the following:

2.    Full name, home address, occupation and social security number.

3.    Birth date, if under 18 years, and designation as a minor.

4.    Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals and total daily hours worked shall also be recorded. Meal periods during which operations cease and authorized rest periods need not be recorded.

5.    Total wages paid each payroll period, including value of board, lodging, or other compensation actually furnished to the Employee.

6.    Total hours worked in the payroll period and applicable rates of pay. This information shall be made readily available to the employee upon reasonable request.

7.    When a piece rate or incentive plan is in operation, piece rates or an explanation of the incentive plan formula shall be provided to employees. An accurate production record shall be maintained by the employer.

155.    Under Labor Code § 2102, warehouse and distribution center employees shall not be required to meet a quote that "prevents compliance with meal and rest periods, use of bathroom facilities, including reasonable travel time to and from bathroom facilities, or occupational health and safety laws in the Labor Code or division standards."

156.    Under Labor Code § 2103(a), any action by an employee to "comply with occupational health and safety laws in the Labor Code or division standards shall be considered on task and productive time for purposes of any quota or

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

*Pipich, et al. v. O'Reilly Auto Enterprises, LLC*     Fourth Amended Class Action Complaint

monitoring system." Furthermore, "consistent with existing law, meal and rest breaks are not considered productive time unless the employee is required to remain on call." (*Id*. at (b).)

157. During the applicable time period, Defendants violated California Labor Code §§ 90.5(a), 201, 201.3, 202, 203, 204, 210, 218, 218.5, 218.6, 223, 226, 226.3, 226.7, 246, 510, 512, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197, 1197.1, 1197.2, 1198, 2102, 2103, 2350, 2802, and 6404.

158. California Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of themselves and other current or former employees, to bring a civil action to recover civil penalties pursuant to the procedures specified in California Labor Code § 2699.3.

159. Pursuant to California Labor Code §§ 2699(a) and (f), Plaintiff and the Class are entitled to recover civil penalties for each of the Defendants' violations of California Labor Code §§ 90.5(a), 201, 201.3, 202, 203, 204, 210, 218, 218.5, 218.6, 223, 226, 226.3, 226.7, 246, 510, 512, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197, 1197.1, 1197.2, 1198, 2102, 2103, 2350, 2802, and 6404 during the applicable limitations period in the following amounts:

A. For violations of California Labor Code § 204, one hundred dollars ($100.00) for each Aggrieved Employee for each initial violation and two hundred dollars ($200.00) for each Aggrieved Employee for each subsequent, willful or intentional violation (penalty amounts established by California Labor Code § 210).

B. For violations of California Labor Code § 223, one hundred dollars ($100.00) for each Aggrieved Employee for each initial violation and two hundred dollars ($200.00) for each Aggrieved Employee for each subsequent, willful or intentional violation (penalty amounts established by California Labor Code § 225.5).

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

*Pipich, et al. v. O'Reilly Auto Enterprises, LLC*          Fourth Amended Class Action Complaint

C.      For violations of California Labor Code § 226(a), two hundred fifty dollars ($250.00) for each Aggrieved Employee for initial violation and one thousand dollars ($1,000.00) for each Aggrieved Employee for each subsequent violation (penalty amounts established by California Labor Code § 226.3).

D.      For violations of California Labor Code §§ 510 and 512, fifty dollars ($50.00) for each Aggrieved Employee for initial violation and one hundred dollars ($100.00) for each Aggrieved Employee for each subsequent violation, per pay period (penalty amounts established by California Labor Code § 558).

E.      For violations of California Labor Code § 1174, five hundred dollars ($500.00) for each Aggrieved Employee for each initial violation (penalty amounts established by Labor Code § 1174.5).

F.      For violations of California Labor Code § 1197, one hundred dollars ($100.00) for each Aggrieved Employee for each initial and intentional violation and two hundred fifty dollars ($250.00) for each Aggrieved Employee for each subsequent violation, per pay period (regardless of whether the initial violations were intentionally committed) (penalty amounts established by California Labor Code § 1197.1).

G.      For violations of California Labor Code §§ 201, 201.3, 202, 203, 226.7, 1194, 1198, 2102, 2103, 2802, and 2350, one hundred dollars ($100.00) for each Aggrieved Employee per pay period for each initial violation and two hundred dollars ($200.00) for each Aggrieved Employee per pay period for each subsequent violation (penalty amounts established by California Labor Code § 2699(f)(2)).

160.    On May 11, 2021, Plaintiff Pipich provided written notice of the alleged violations, including the facts and theories supporting his allegations, to the LWDA via online submission, with a certified copy mailed to Defendants. More than sixty-five calendar days have passed since the date notice was provided to the Labor and Workforce Development Agency ("LWDA") and Defendants.

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

44

Accordingly, Plaintiff Pipich has satisfied the administrative prerequisites under California Labor Code § 2699.3(a) to recover civil penalties against Defendants for violations of the Labor Code and the Wage Order.

161.   On January 4, 2022, Plaintiff Pipich provided supplemental written notice of further alleged violations, including the facts and theories supporting his allegations, to the LWDA via amended online submission, with a certified copy mailed to Defendants. More than sixty-five calendar days have passed since the date the supplemental notice was provided to the LWDA and Defendants. Accordingly, Plaintiff Pipich has satisfied the administrative prerequisites under California Labor Code § 2699.3(a) to recover civil penalties against Defendants for violations of the Labor Code and the Wage Order.

162.   By letter dated August 11, 2021, Plaintiff Storm gave written notice by certified mail to the LWDA and Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations. On January 5, 2022, Plaintiff Storm sent a supplemental written notice by certified mail to the LWDA.

163.   On May 16, 2024, pursuant to Labor Code section 2699.3, subd.(a), Plaintiffs gave additional written notice to Defendants and the LWDA of Defendants' violations of the Labor Code.

164.   Pursuant to California Labor Code § 2699(g), Plaintiffs and the Aggrieved Employees are entitled to an award of civil penalties, reasonable attorney's fees and costs in connection with their claims for civil penalties.

## V.   PRAYER FOR RELIEF

165.   WHEREFORE, Plaintiffs, on behalf of themselves and the Class Members, pray for relief and judgment against Defendants as follows:

A.   An order that the action be certified as a class action with respect to Plaintiffs' claims for violations of California law;

SPIVAK LAW
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

45

B.     An order that Plaintiffs be appointed class representatives;

C.     An order that counsel for Plaintiffs be appointed class counsel;

D.     Unpaid wages, including minimum, regular, overtime, double-time, missed meal period premium, missed rest period premium wages;

E.     Liquidated damages;

F.     Expense reimbursement;

G.     Restitution;

H.     Declaratory relief;

I.     Actual damages;

J.     Statutory penalties, including waiting time penalties;

K.     Civil penalties;

L.     Pre-judgment interest;

M.     Costs of suit;

N.     Reasonable attorneys' fees; and

O.     Such other relief as the Court deems just and proper

## VII.   DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and all other Class Members, hereby demand a jury trial on all issues so triable.

Respectfully submitted,

THE SPIVAK LAW FIRM

Dated: May 20, 2024               By: /s/ David Spivak
                                        DAVID SPIVAK
                                        CAROLINE TAHMASSIAN
                                        Attorneys for Plaintiffs and all
                                        others similarly situated

**SPIVAK LAW**
Employee Rights Attorneys

Mail:
8605 Santa Monica Bl
PMB 42554
West Hollywood, CA 90069
(213) 725-9094 Tel
(213) 634-2485 Fax
SpivakLaw.com

Office:
1801 Century Park East
25th Fl
Los Angeles CA 90067

46